1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

TYRONE WALLACE,
CDCR # P-48941,

13

Plaintiff,

14

15

vs.

16

17

Dr. DO;
Dr. CHAU;
Ms. ABARTO,

18

19

Defendants.

Civil No.    15cv1141 WQH (RBB)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(Doc. No. 2)**

**AND**

**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**

20

21          Tyrone Wallace ("Plaintiff"), currently incarcerated at Richard J. Donovan

22   Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has

23   filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

24          Plaintiff claims that two RJD Doctors and a dietician have provided inadequate

25   medical treatment for his chronic kidney condition by failing to provide him with an

26   unspecified medication and failing to order that he be served a special low-protein,

27   low-salt diet. *See* Compl. at 3-5. He seeks $5 million in general and punitive damages.

28   *Id.*

-1-

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

**I.      Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, which shows an average monthly balance of $0.94 and average monthly deposits of only $2.01 to his account over the six-month period preceding the filing of his Complaint. In addition, Plaintiff had only $.20 in his account at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

**A.    Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion

of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of*

*Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### B.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.    Individual Liability and Causation

Plaintiff identifies two RJD doctors and a prison dietician as Defendants in the caption of his pleading, and on the second page of the Court's form complaint where he is asked to identify the persons he wishes to hold liable. *See* Compl. at 1-2. However, the body of his Complaint contains no "further factual enhancement" which describes how, or to what extent, any of these individuals were actually aware of or took part in any constitutional violation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *see also Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (stating that even a pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

The Court presumes Plaintiff lists his doctors and a dietician as Defendants because they are the medical officials who have been treating him at RJD. However,

1  Plaintiff includes practically no further detail as to what Dr. Do, Dr. Chau, or

2  Registered Dietician Abarto specifically did, or failed to do, which resulted in a

3  violation of his constitutional rights. *Iqbal,* 662 U.S. at 678 (noting that FED.R.CIV.P.

4  8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

5  accusation," and that "[t]o survive a motion to dismiss, a complaint must contain

6  sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

7  on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

8     Thus, for this reason alone, the Court finds Plaintiff's Complaint sets forth no

9  facts which might be liberally construed to support any sort of individualized

10  constitutional claim against any Defendant. "Causation is, of course, a required

11  element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248

12  (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the

13  duties and responsibilities of each individual defendant whose acts or omissions are

14  alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628,

15  633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71). Accordingly, Plaintiff's

16  Complaint requires dismissal on this basis pursuant to 28 U.S.C. § 1915(e)(2) and

17  § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

18     **D.     Inadequate Medical Care Claims**

19     Even if Plaintiff had alleged facts sufficient to connect Dr. Do, Dr. Chau or

20  Registered Dietitian Abarto with any suffered injury, he has still failed to state a

21  plausible Eighth Amendment claim against any of them. Only "deliberate indifference

22  to serious medical needs of prisoners constitutes the unnecessary and wanton

23  infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429

24  U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A

25  determination of 'deliberate indifference' involves an examination of two elements:

26  (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's

27  response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991),

28  *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.

1  1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

2      First, "[b]ecause society does not expect that prisoners will have unqualified

3  access to health care, deliberate indifference to medical needs amounts to an Eighth

4  Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503

5  U.S. 1, 9 (1992), *citing Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists

6  if the failure to treat a prisoner's condition could result in further significant injury or

7  the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059

8  (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor

9  or patient would find important and worthy of comment or treatment; the presence of

10 a medical condition that significantly affects an individual's daily activities; or the

11 existence of chronic and substantial pain are examples of indications that a prisoner

12 has a 'serious' need for medical treatment." *Id.*, *citing Wood v. Housewright*, 900 F.2d

13 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir.

14 1989).

15     Plaintiff alleges to suffer from either "stage two" or "stage three" chronic

16 kidney disease, which the Court finds sufficient to plead an objectively serious

17 medical need. *See* Compl. at 3, 5; *McGuckin*, 914 F.2d at 1059; *see also Akhtar v.*

18 *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (finding prisoner with "numerous medical

19 conditions, including chronic kidney disease" had "sufficiently facts to show that he

20 had a serious medical need.").

21     However, Plaintiff's Complaint still fails to include any further "factual

22 content" to show that any Defendant acted with "deliberate indifference" to his needs.

23 *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

24 2006); *Iqbal*, 556 U.S. at 678. Specifically, Plaintiff contends simply that Drs. Do and

25 Chau "told [him] he ha[s] a stage two chronic kidney disease," *see* Compl. at 3, 5, and

26 that Dr. Do "recommended a low protein low salt diet," *id.* at 5, but that neither they,

27 nor Ms. Abarto, the registered dietitian, "would . . . order [him] medications or [a]

28 special diet." *Id.* at 3-5. Plaintiff further claims he was told his "creatine level had to

be above 2.0" before a "prerenal diet" would be medically prescribed. *Id.* at 5 & Ex. 1 at 22.

While Plaintiff concludes Defendants acted with "deliberate indifference" by failing to prescribe either the medication or diet he believed was appropriate, *see* Compl. at 2-5, his Complaint lacks the "further factual enhancement" which demonstrates any Defendant's "purposeful act or failure to respond to [his] pain or possible medical need," and any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is because to be deliberately indifferent, Do, Chau and Abarto's acts or omissions must involve more than an ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

Plaintiff's Complaint, however, does not contain facts sufficient to show that either of his doctors or his dietitian acted with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Indeed, Do, Chau, and Abarto are also described as having committed "medical malpractice" by failing to order the unidentified medication or to prescribe the "special diet" which Plaintiff believes is necessary, *see* Compl. at 2-5, but such a claim sounds merely in negligence. *See Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more,

does not violate a prisoner's Eighth Amendment rights."). "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi*, 391 F.3d at 1060).

Accordingly, the Court finds that Plaintiff's Complaint also fails to state an Eighth Amendment inadequate medical care claim against any named Defendant, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding without counsel, however, and the Court has now provided him "notice of the deficiencies in his complaint," it will also grant Plaintiff an opportunity to amend it. *See Akhtar*, 698 F.3d at 1212 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**III.   Conclusion and Orders**

Good cause appearing, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.   **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and

**GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

DATED:  July 22, 2015

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge

15cv1141 WQH (RBB)