UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE,<br>CDCR #P-48941,<br><br>                              Plaintiff,<br><br>                vs.<br><br>Dr. DO;<br>Dr. CHAU;<br>Ms. ABARTO,<br><br>                              Defendants. | Civil No.   15-cv-1141 WQH (RBB)<br><br>**ORDER:**<br><br>**1) DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**2) DENYING MOTION FOR EXTENSION OF TIME TO AMEND AS MOOT**<br>**[ECF No. 5]** |

Tyrone Wallace ("Plaintiff"), a state prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

**I.    Procedural History**

On July 22, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which relief could be granted. *See* July 22, 2015 Order (ECF No. 3). The Court

provided Plaintiff with notice of his Complaint's pleading deficiencies and granted him 45 days leave in which to amend. *Id.* at 5-10.

On August 18, 2015, Plaintiff filed a Motion seeking an extension of time in which to file his Amended Complaint (ECF No. 5). Just ten days later, however, on August 28, 2015, Plaintiff timely filed his Amended Complaint (ECF No. 6). Therefore, the Court DENIES his Motion for extension of time as moot.

However, because Plaintiff remains a prisoner and is proceeding IFP, his Amended Complaint also requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

**II.    Plaintiff's Allegations**

In his original Complaint, Plaintiff claimed two RJD Doctors and a dietician provided inadequate medical treatment for his chronic kidney condition by failing to provide him with an unspecified medication and to order that he be served a special low-protein, low-salt diet. *See* Compl. (ECF No. 1) at 3-5. He sought $5million in general and punitive damages. *Id.*

The Court dismissed Plaintiff's Complaint sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* July 22, 2015 Order (ECF No. 3). Specifically, the Court found that while Plaintiff listed RJD doctors Do and Chau, and RJD dietician Abarto as Defendants in the caption of his Complaint, he failed to include any "further

factual enhancement" to describe how, or to what extent, any of them individually caused a violation of his constitutional rights. *Id.* at 4-5 (citing *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (noting that FED. R. CIV. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (citation omitted); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). The Court further found that "[e]ven if Plaintiff had alleged facts sufficient to connect Dr. Do, Dr. Chau, or Registered Dietitian Abarto with any suffered injury, he . . . still failed to state a plausible Eighth Amendment claim against any of them," because his Complaint did not allege facts sufficient to show the "deliberate indifference" required to support a plausible claim for relief. *See* July 22, 2015 Order at 6-9 (citing *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976)).

In his Amended Complaint (ECF No. 6), Plaintiff again seeks damages against Do, Chau, and Abarto, continuing to claim their care was inadequate under the Eighth Amendment. (*Id.* at 3-5.). This time, Plaintiff alleges it was Dr. Chau, his primary care doctor, who first diagnosed him with "stage 2" chronic kidney disease on December 24, 2014, and Chau who later referred him to a "nephrologist for consultation to see if there [wa]s anything else that could be done . . . to slow the progression of [his] chronic renal insufficiency." *Id.* at 3. Plaintiff further contends that when he asked Chau to prescribe medication, Chau told him "there is no medication that can cure it." *Id.*

Plaintiff next contends that when Dr. Do, a "RJD nephrologist and kidney specialist," *id.* at 2, examined him in February 2015, his condition was still "stage 2," but was re-assessed as "stage 3" on March 6, 2015. *Id.* at 4. Plaintiff admits Dr. Do "recommended" a low protein and low salt diet, but "would not prescribe . . . medication," telling him "once your kidneys go bad that can't be cured." *Id.* at 4.

Finally, Plaintiff asserts that when he was referred to consult with Registered Dietician Abarto on March 20, 2015, based on Do's recommendation, Abarto counseled him to "eat fish and chicken and vegetables," and to limit his beef intake, but refused to place him on a low-protein, low-salt diet because his "creatinine level had to be above 2.0" before a special diet was required. *Id.* at 5.

## III. Screening of Plaintiff's Amended Complaint

### A. Standard of Review

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere
///

possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B.   Application to Amended Complaint

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

While Plaintiff's Amended Complaint now alleges some facts to explain what roles Drs. Do, Chau, and Dietician Abarto individually played in either treating his disease or otherwise providing him medical care, these facts nevertheless fail to support any Eighth Amendment violations. *See Crater v. Galaza,* 508 F.3d 1261, 1269 (9th Cir. 2007) ("In § 1983 cases, it is the constitutional right itself that forms the basis of the claim."); *Iqbal*, 662 U.S. at 676 ("[A] plaintiff must pleas that each Government-official defendant, though the official's own individual actions, *has violated the Constitution*.") (emphasis added).

/ / /

In its July 22, 2015 Order, the Court clearly notified Plaintiff of the legal standards for alleging an inadequate medical care claim under the Eighth Amendment, and found his original Complaint failed to contain enough "factual content" that might plausibly show that any Defendant acted with deliberate indifference to his serious medical needs. *See* ECF No. 3 at 7-9 (citing *Gamble*, 429 U.S. at 106).

The same is true now.  Plaintiff continues to claim he suffers from chronic kidney disease, which the Court finds an objectively and sufficiently serious medical need. *See* Amend. Compl. at 3-5; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (finding prisoner with "numerous medical conditions, including chronic kidney disease" had "sufficiently facts to show that he had a serious medical need."). However, neither his Amended Complaint, nor the medical exhibits he has attached as part of his pleading documenting his kidney and dietary care at RJD, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."), provide any further "factual content" to explain how Defendants Do, Chau, or Abarto were deliberately indifferent to his plight, *i.e.*, that they "kn[ew] of or disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Iqbal*, 556 U.S. at 678; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Instead, Plaintiff's Amended Complaint alleges only that Dr. Chau, his primary care physician, evaluated him, and referred him to a nephrologist, Dr. Do. *See* Amend. Compl. at 3. Dr. Do is also alleged to have evaluated Plaintiff, to have recommended he limit his protein and salt intake, and to have referred him to a dietician, Defendant Abarto. *Id.* at 4. Plaintiff further contends only that his doctors failed to prescribe him medication, indicating that "no medication c[ould] cure [him]," *id.* at 3, 4, and that the dietician refused to place him on a renal diet because his blood test results revealed one was not yet medically indicated. *Id.* at 5; *see also* Amend. Compl. at 82-83, Ex. 8 (April 23, 2015, Director's Level Decision, RJD HC 15052678).

While Plaintiff describes his treatment as "inadequate" because Defendants failed to prescribe either the medication or diet he believed was appropriate, *see* Compl. at 3-5,

his Amended Complaint, and the exhibits he now attaches, still lack the "further factual enhancement" which demonstrates any Defendant's "purposeful act or failure to respond to [his] pain or possible medical need," or any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096).

As the Court cautioned Plaintiff in its July 22, 2015 Order, "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012); *Wilhelm*, 680 F.3d at 1122-23. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff's Amended Complaint fails to meet this standard because it lacks facts to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

Accordingly, Plaintiff's Amended Complaint, like his original pleading, must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. While Plaintiff has already been provided an opportunity to amend his claims, the Court will grant him another opportunity to amend. *See Lucas v. Dept. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

**IV. Conclusion and Order**

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion for Extension of Time to Amend (ECF No. 5) as moot;

/ / /

/ / /

    (2)    **DISMISSES** Plaintiff's Amended Complaint (ECF No. 6) for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and

    (3)    **GRANTS** Plaintiff 45-days leave from the date of this Order in which to file a Second Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Second Amended Complaint must be complete by itself without reference to his previous complaints. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff fail to file a Second Amended Complaint within the time provided, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

DATED: January 13, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge