# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE, CDCR #P-48941,<br><br>Plaintiff,<br><br>vs.<br><br>Dr. DO; Dr. CHAU; Dr. ABARTO,<br><br>Defendants. | Civil No. 15cv1141 WQH (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT** |

HAYES, Judge:

Tyrone Wallace ("Plaintiff"), a state prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

**I.  Procedural History**

On July 22, 2015, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which relief could be granted. *See* July 22, 2015 Order (ECF No. 3). The Court provided Plaintiff with notice of his Complaint's pleading deficiencies and granted him 45 days leave in which to amend. *Id.* at 5-10.

On August 28, 2015, Plaintiff timely filed his Amended Complaint ("FAC") (ECF

-1-

1 | No. 6).  On January 13, 2016, the Court denied Plaintiff's Motion for extension of time
2 | as moot, conducted its mandatory screening of Plaintiff's FAC, and dismissed it for
3 | failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See*
4 | ECF No. 7.  Plaintiff was granted another 45 days in which to file a Second Amended
5 | Complaint ("SAC").  *Id.* at 8.

6 | On March 8, 2016, Plaintiff filed a Motion for Extension of Time in which to file
7 | his SAC.  (ECF No. 9).  On March 18, 2016, Plaintiff's Motion for Extension of Time
8 | was granted and Plaintiff was given another 45 days in which to file his SAC.  (ECF No.
9 | 10).  On May 16, 2016, Plaintiff filed another Motion for Extension of Time in which to
10 | file his SAC.  (ECF No. 12).

## II.  Plaintiff's Motion

Plaintiff requests a status report on his Motion for Extension of Time filed on March 8, 2016.  (ECF No. 9).  Plaintiff claims that while the Court's docket shows a copy of its March 18, 2016 Order was served on him via U.S. Mail, he did not receive it.  *See* ECF No. 9 at 2.  Plaintiff  requests additional time in which to file his SAC. *Id.* at 1. Plaintiff remains incarcerated, his request is timely, and is he still proceeding without counsel.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements.").

Therefore, the Court finds good cause to grant Plaintiff's request for an extension of time in which to amend.  "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines."  *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

/ / /

### III. Conclusion and Order

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Extension of Time (ECF No. 12). Plaintiff's Second Amended Complaint, should he elect to file one, must be received by the Court no later than **Tuesday, July 5, 2016**. Plaintiff is again cautioned that his Second Amended Complaint must address the deficiencies of pleading previously identified in the Court's July 22, 2015, and January 13, 2016 Orders (ECF Nos. 3, 7), and must be complete in itself without reference to either of his previous pleadings. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff fail to file a Second Amended Complaint within the time provided, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

DATED: May 19, 2016

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge