UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE, CDCR #P-48941,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Dr. Do,<br><br>　　　　　　　　　Defendant. | Case No.:  3:15-cv-1141-WQH-AGS<br><br>**ORDER:**<br><br>**1)  GRANTING MOTION FOR LEAVE TO AMEND [Doc. No. 21]**<br><br>**2)  DENYING MOTION TO APPOINT COUNSEL [Doc. No. 23]**<br><br>**AND**<br><br>**3)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(b)(ii) AND § 1915A(b)(1)** |

　　　TYRONE WALLACE ("Plaintiff"), a prisoner at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Currently pending before the Court are Plaintiff's Second Amended Complaint ("SAC") (Doc. No. 19), a Motion to Amend his cause of action (Doc. No. 21), and his Motion to Appoint Counsel (Doc. No. 23).

## I. Procedural History

On July 22, 2015, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which relief could be granted. *See* July 22, 2015 Order (Doc. No. 3). The Court provided Plaintiff with notice of his Complaint's pleading deficiencies and granted him 45 days leave in which to amend. *Id.* at 5-10.

Plaintiff filed a First Amended Complaint ("FAC") (Doc. No. 6), but on January 13, 2016, the Court found Plaintiff's FAC still failed to state a plausible claim for relief against any named Defendant and dismissed it sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A (Doc. No. 7). While Plaintiff had already been provided a short and plain description of his pleading deficiencies, the Court granted him one additional opportunity to amend. *See* Doc. No. 7 at 7-8.

After requesting and receiving three separate extensions of time in which to amend (Doc. Nos. 10, 13, 18), Plaintiff eventually filed his SAC (Doc. No. 19). Plaintiff's SAC no longer names Drs. Chau or RJD Dietician Abarto as Defendants; therefore, his previous claims as to those parties are waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

In his SAC, Plaintiff repeats his claims that Dr. Do, a nephrologist at Alvarado Hospital, consulted by his RJD physicians to evaluate Plaintiff's chronic kidney disease, violated his right to adequate medical treatment under the Fourteenth Amendment. (Doc. No. 19 at 2-4.) Specifically, Plaintiff claims Dr. Do violated his rights on February 6, 2015, March 6, 2015, September 11, 2015, and again on April 5, 2016, by "not prescribing … treatment" or medication. *Id.* at 3-4. Plaintiff's SAC includes no additional factual content; instead he simply refers to exhibits which he has attached in support of his SAC. *See id.* at 3-4, Ex. 1 at 9-12; Ex. 2 at 13-17; Ex. 3 at 18-22; Ex. 4 at 23-29.

///

## II. Motion to Amend

Plaintiff's SAC alleges Dr. Do violated his "14th amendment right to adequate health care," (Doc. No. 19 at 3), but after he filed it, he also filed a Motion to Amend the inadequate medical care cause of action in his SAC to arise under the Eighth Amendment, not the Fourteenth. *See* Doc. No. 21 at 1-2.

While the Court would have liberally construed his claims to arise under the Eighth Amendment because Plaintiff is a prisoner and is proceeding pro se status in any event, the Court GRANTS his Motion to Amend (Doc. No. 21) and will analyze Plaintiff's medical care claims under the Eighth Amendment. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."); *see also Christensen v. CIR*, 786 F.2d 1382, 1384 (9th Cir. 1986) (construing pro se taxpayer's motion to "place statements in the record" as a motion for leave to amend); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials violate the Eighth Amendment's prohibition of cruel and unusual punishments if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.").

## III. Motion to Appoint Counsel

Plaintiff has also filed a second Motion requesting the appointment of counsel because he claims to suffers from a mental disorder, a learning disability, and has "bad hand writing" which requires him to use "white-out" and is "hard to decipher." (Doc. No. 23 at 3-4.)

The Court finds, however, that Plaintiff's pleadings have all been sufficiently legible, assures him that all documents filed by pro se litigants are "liberally construed," and notes that his "pro se complaint, however inartfully pleaded," is held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings …be construed so as to do justice."

///

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Applying these factors to Plaintiff's case, the Court DENIES Plaintiff's Motion to Appoint Counsel (Doc. No. 23) because, as discussed below, a liberal construction of both his original and amended pleadings suggests he is capable of articulating the factual basis for his legally straightforward inadequate medical care claims, but has not shown any likelihood of success on the merits. *Id.* Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**IV.  Screening of Second Amended Complaint**

    **A.  Standard of Review**

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d

1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

**B.  Application to Plaintiff's Second Amended Complaint**

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law."

*Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

1. <u>"Under Color of State Law"</u>

Plaintiff's SAC describes Dr. Do only as a nephrologist; his exhibits show Dr. Do is a treating physician at Alvarado Hospital, and not a doctor employed at RJD where Plaintiff is incarcerated. *See* Doc. No. 19 at 2; Exs. 1-3 at 9, 14, 19, 24. Therefore, his SAC fails to allege that Dr. Do acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While private physicians who provide medical services to inmates in custody may act under color of state law for purposes of § 1983, Plaintiff must allege that Dr. Do acted under a contract with the state or RJD to provide him specialized medical care. *Id.* at 53-54; *Lopez v. Dept. of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital "contract[ed] with the state ... to provide medical services to indigent citizens"); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private ... hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983.").

He has failed to do so; therefore, Plaintiff's SAC requires dismissal as to Dr. Do pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1) for this reason alone. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

2. <u>Eighth Amendment Medical Care</u>

Even if Plaintiff did allege, or the Court were to assume that Dr. Do acted under color of state law when he performed telemedicine nephrology consultations with Plaintiff on February 6, 2015, March 6, 2015, September 11, 2015, and April 5, 2016 (Doc. No. 19 at 1), Plaintiff's SAC contains no further "factual content" to plausibly show that Dr. Do acted with deliberate indifference to his serious medical needs on any of these occasions. *See Estelle*, 429 U.S. at 103-05; *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014). "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious

1  medical needs.'" *Estelle*, 429 U.S. at 104. A prison official is deliberately indifferent to
2  those needs if he is alleged to "know[] of and disregard[] an excessive risk to inmate
3  health." *Peralta*, 744 F.3d at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837
4  (1994)).
5        In both its July 22, 2015, and January 13, 2016 Orders (Doc. Nos. 3, 7), the Court
6  clearly notified Plaintiff of the legal standards for alleging an inadequate medical care
7  claim under the Eighth Amendment, and found both his original Complaint and First
8  Amended Complaint failed to meet those pleading standards. The same is true now.
9  While Plaintiff continues to claim he suffers from chronic kidney disease, which the
10 Court finds an objectively and sufficiently serious medical need, *see* Doc. No. 19 at 2-4;
11 *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (finding prisoner with
12 "numerous medical conditions, including chronic kidney disease" had "sufficiently facts
13 to show that he had a serious medical need."), neither his SAC, nor the medical exhibits
14 he has attached as part of his pleading documenting his nephrology consults with Dr. Do,
15 *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading
16 is a part of the pleading for all purposes."), provide any further "factual content" to
17 explain how Dr. Do was deliberately indifferent to his plight, *i.e.*, that he "kn[ew] of or
18 disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Iqbal*, 556 U.S. at 678;
19 *Farmer*, 511 U.S. at 834.
20       In fact, while Plaintiff's SAC alleges Dr. Do did "not prescribe [Plaintiff]
21 treatment," or unspecified medications for his "stage 3 kidney disease," *see* Doc. No. 19
22 at 3-4; the exhibits he attaches which document Dr. Do's "telemedicine custody
23 consultations" on February 6, 2015, March 6, 2015, September 11, 2015, and April 5,
24 2016 (Doc. No. 19, Exs. 1-4 at 8-28), all reveal that Dr. Do assessed Plaintiff on those
25 four occasions, evaluated his lab results, including all blood work, kidney function, and a
26 renal ultrasound, and reviewed his past medical history, current complaints, and
27 Plaintiff's then-prescribed course of medication for Mirtazapine, Valproic acid,
28 Ziprasidone, Hydroxyzine, Nystatin, Acetaminophen, and Triamcinolone. (*Id.* at 9-10,

14-15, 19-20, 24-26.)

On all four occasions, Dr. Do diagnosed Plaintiff with "echogenic kidneys" which he attributed to "lithium use in the past," (Doc. No. 19 at 25-25), counseled him on diet and increased water intake, noted his vital signs were "very stable," and after evaluating Plaintiff's progression and medical history at RJD over the course of more than one year, concluded that Plaintiff's needed only be evaluated by a nephrologist "on a yearly basis," that he required no dietary restrictions, and that despite his chronic kidney disease, he would "remain stable" for a "long, long time." (*Id.* at 10, 15.)

While Plaintiff concludes this course of treatment was inadequate (Doc. No. 19 at 3-4), both his SAC and the exhibits he has attached lack the "further factual enhancement" which might demonstrate Do's "purposeful act or failure to respond to [his] pain or possible medical need," or any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, court "may consider facts contained in documents attached to the complaint").

As the Court cautioned Plaintiff in both its July 22, 2015, and January 13, 2016 Orders, "Eighth Amendment doctrine makes clear that '[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference.'" *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta*, 744 F.3d at 1083.). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff's SAC still fails to allege Dr. Do acted with deliberate indifference because it lacks facts to "show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Hamby*, 821 F.3d at

1092 (citing *Snow*, 681 F.3d at 988 (citation and internal quotations omitted)).

Accordingly, Plaintiff's SAC, like both his original and First Amended pleadings, must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Moreover, because Plaintiff has already been provided two separate opportunities to amend his medical care claims to no avail, the Court finds granting him further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## IV. Conclusion and Order

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion for Leave to Amend his cause of action [Doc. No. 21];

2) **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. No. 23];

3) **DISMISSES** Plaintiff's SAC and this civil action sua sponte and in its entirety for failure to state a claim upon which § 1983 relief can be granted without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

4) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

5) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 24, 2016

Hon. William Q. Hayes
United States District Court